UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**UNITED STATES OF AMERICA**

v.                                                        **CRIMINAL NO. 3:03-CR-120 HTW JCS**

**PAUL S. MINOR**

<u>**ORDER OF REVOCATION AND DETENTION OF PAUL S. MINOR**</u>

Came on for hearing on the Petition for Action on Conditions of Pretrial Release filed on September 6, 2006, and after hearings by the Court on September 8 and 15, 2006, and considering the evidence submitted by the parties, the Court finds by clear and convincing evidence that the defendant, PAUL S. MINOR, violated the terms and conditions of his pretrial release by being out of range of his electronic monitoring equipment without leave of the Court on two occasions - once on August 24, 2006, and again on September 5, 2006.  It is clear to the Court that Mr. Minor is in violation of the terms of his release in every aspect as the government argues.

This latest violation follows a series of violations by Minor and several hearings before the Court.  On November 7, 2005, the Court held a hearing to determine whether or not Minor had violated the terms of his pre-trial release following Minor's arrest for driving under the influence of alcohol.  The Court found that Minor had violated the terms of his release but did not order Minor detained at that time.  Instead, the Court imposed additional terms and conditions concerning his pre-trial release, including a Court-monitored outpatient treatment plan for alcohol abuse and that he not drive a motor vehicle at all.

On April 4, 2006, the Court found that Minor had violated the terms of his pre-trial release by the excessive use of alcohol, that Minor was unlikely to abide by any condition or

combination of conditions of release and that there is no condition or set of conditions of release that will assure that Paul S. Minor will not pose a danger to the safety of the community. He was ordered detained and was remanded immediately into the custody of the United States Marshals.

On April 14, 2006, Minor, through his counsel, petitioned the Court to reinstate his bond and to release him into the custody of COPAC, an inpatient alcohol and substance abuse center. The Court granted the motion after a hearing, and Minor was taken directly to the center by the U.S. Marshals. The Court received updates on Mr. Minor's course of treatment, and on August 14, 2006, following Minor's release from treatment, the Court held a hearing concerning Minor's release on conditions. The Court entered a revised order reimposing conditions of release, including home confinement with electronic monitoring. An order setting forth the conditions of release was entered on August 17, 2006.

On August 24, 2006, the Court entered a subsequent order concerning Minor's home confinement and electronic monitoring after Minor submitted a proposed schedule that would, if adopted, have only required electronic monitoring for only 2 waking hours a day. The Court found that Minor "grossly misunderstands the purpose of electronic monitoring" and that Minor "is unmindful of what constitutes 'exceptions.'" The Court therefore reaffirmed its order imposing electronic monitoring on Minor and further ordered that Minor was "to remain under such with **no exceptions** unless otherwise ordered by the Court."

According to the testimony of U.S. Probation officers from Baton Rouge, Louisiana office, Minor was out of range of his electronic monitoring equipment on August 24, 2006, for a period of fifty minutes, and again on September 5, 2006, for a period of over four hours. The Court did not approve Minor's absence on either occasion. The Court did approve leave from

monitoring twice, on August 22 and again on August 31, in order to allow Minor to attend doctor's appointments with his wife.

Minor's absence from monitoring on September 5, 2006, is particularly troubling to the Court. Minor had requested leave to be off of electronic monitoring on September 5, 2006, to attend a meeting with a hurricane expert on the campus of Louisiana State University, but that request was denied by the Court after the probation officer was unable to obtain verification information concerning the requested meeting. Minor left the range of his electronic monitoring without leave of the Court to do so. It is particularly troubling to the Court that Minor attended a meeting at a location that serves alcohol, rather than on the campus of LSU, according to the evidence presented at the hearing. In addition, the length of time he was there is not explained. The Court finds that Minor made unilateral decisions contrary to the express orders provided by the Court, and that the Court can only deem that to be in defiance of the Court.

After considering the evidence submitted by the parties, the Court finds by clear and convincing evidence that PAUL S. MINOR violated the terms and conditions of his pretrial release by being out of range of his electronic monitoring equipment without leave of the Court on August 24, 2006 and again on September 5, 2006.

For the reasons stated on the record at the conclusion of the hearing on September 15, 2006, the Court further finds that PAUL S. MINOR is unlikely to abide by any condition or combination of conditions of release and that there is no condition or set of conditions of release that will assure that PAUL S. MINOR will not pose a danger to the safety of the community.

IT IS THEREFORE ORDERED that the defendant PAUL S. MINOR's pretrial release be revoked and that he be remanded to the custody of the U.S. Marshal's Service for detention pending disposition of this case.

ORDERED this the 18th day of September, 2006.

                                               **s/ HENRY T. WINGATE**
                                               _____
                                               CHIEF UNITED STATES DISTRICT JUDGE

Criminal No.: 3:03cr120WS-1
Order of Revocation and Detention