**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


UNITED STATES OF AMERICA                                                          PLAINTIFF

vs.                                                                                     Criminal No. 3:03-cr-120WS

PAUL S. MINOR, JOHN H. WHITFIELD,
OLIVER E. DIAZ, JR., JENNIFER DIAZ, AND
WALTER W. "WES" TEEL                                                          DEFENDANTS


**ORDER**

The backdrop of defendant Minor's Motion To Be Released From Detention is well-known by the parties and chronicled in previous written opinions of the court. In abbreviated references, this court will discuss to that history. The government remains opposed to the motion.

**Timing**

This motion was filed immediately prior to trial, February 7, 2007. Fearing an impact of pretrial publicity, this court had ordered two hundred (200) persons to fill the jury venire. In 2006, this court tried the defendants herein as well as a Mississippi Supreme Court Justice over a period of three months during which time this trial was heavily covered by print, radio and television reporters. A number of jurors in the venire revealed during jury selection that they had read previous news accounts which had dealt with Minor's detention. So as not to add to pretrial publicity which could impact the court's efforts to obtain a jury timely, this court decided to withhold a ruling on this motion until after the court had selected a jury and after that jury had had a few

days to become accustomed to the court's instruction forbidding them to pay any attention to matters in the news concerning this case.

## Background Facts

Originally, after his indictment and arrest, Minor was permitted to remain free during these proceedings upon posting a $10,000.00 personal recognizance bond.

Since then, Minor has been brought before this court on various violations, for which the government sought detention. The first of these hearings was held on November 9, 2005. Following the hearing, this court imposed stiffer restrictions upon Minor pursuant to a charge of driving under the influence of alcohol. Those new restrictions specifically recognized and sought to address Minor's obedience to alcohol. This court ordered him to medical consultation at his expense and Minor was prohibited from operating a motor vehicle.

On April 14, 2006, this court found itself in a subsequent hearing on Minor, again the issue being detention. Alcohol again was involved. This time the court placed Minor in an inpatient Substance Abuse Treatment Program in Brandon, Mississippi. While in this multi-week program, Minor was restricted to the grounds, essentially incarcerated within the property limits of the facility. This court ordered that progress reports be submitted to the court on a regular basis. Mr. Minor, as part of the court's order, had to pay the expenses for this intensive, in-patient alcohol-rehabilitation program. The doctor's reports were encouraging. Once he completed the program, he was released upon court order, but still restricted by electronic monitoring activated by an electronic ankle brace tied to an electronic signal box to

inform whether the defendant exceeded the distance from that signal box allowed by the court.

On September 18, 2006, this court yet again had to hold a detention hearing. Minor walked beyond the range authorized by this court, and again the spectre of alcohol haunted the circumstance. This court this time ordered detention.

## **Applicable Law**

This court is empowered to impose sanctions for a defendant's violation of the condition or conditions of his release pursuant to Title 18 U.S.C. § 3148. Upon a finding that a defendant has violated a condition of release under Title 18 U.S.C. § 3142, a court may revoke a defendant's release, order detention, or prosecute him for contempt of court. *See* Title 18 U.S.C. § 3148(a). The court shall enter an order of revocation and detention if, after a hearing, the court finds that there is clear and convincing evidence that the person has violated any condition of release, and finds that (a) based on the factors set forth in 18 U.S.C. § 3142(g) there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or (b) the person is unlikely to abide by any condition or combination of conditions of release. Title 18 U.S.C. § 3148(b). The latter finding under (b) needs only be established by a preponderance of the evidence. *United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990).

The Fifth Circuit will uphold a district court's pretrial detention order "if it is supported by the proceedings below," a deferential standard of review that the Fifth

Circuit equates to the abuse-of-discretion standard.  *United States v. Aron*, 904 F.2d at 223.  The same standard applies to a determination in response to a motion to modify a detention order.  *U.S. v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989);  *United States v. Jackson*, 845 F.2d 1262, 1263 (5th Cir. 1988);  *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).

### Ruling

Minor now apprises the court that he has learned his lesson (albeit after three hearings and an affirmance of his detention status by the United States Court of Appeals for the Fifth Circuit);  that he has a grip on his alcohol problem;  and that he proposes certain conditions to ensure his compliance, namely:  the posting of a cash bond in the amount of $500,000.00;  submission to electronic monitoring;  residing at the home of the defendant's parents for the duration of trial;  and hiring a special law enforcement officer to monitor the home of the defendant's parents while he resides there.

Unfortunately for Minor, these proposed conditions arrive at the court's door after three hearings and multiple violations already have crossed the court's threshold.

This court has been down the electronic monitoring road before.

This court earlier subjected Minor to outpatient and even inpatient treatment for alcohol addiction.

This court is not impressed with the offering of a bond in the amount of $500,000.00, allegedly forfeitable to the court if Minor is convicted of a further violation of the rules.  He is wealthy enough to afford any such forfeiture and this court's

acceptance of this proposal would send a wrong message to a public often sensitive to whether justice is equal for both the rich and the poor.

Nor is this court persuaded by Minor's proposal that he hire at his own expense a special law enforcement officer to monitor the home of his parents while he resides there. Embedded in contradiction, this proposal essentially says that Minor will hire a guard to ensure that he will not transgress the rules he has assured us he will not violate.

Minor's other proposals are equally unacceptable.

This court remains convinced that no condition or set of conditions of release will ensure that Minor will not pose a danger to the safety of the community and no condition or set of conditions will ensure that Minor will abide by any court-imposed condition of release.

The defendant's motion is denied. The defendant is to remain in detention.

SO ORDERED, this the 2nd day of March, 2007.

                                      s/ HENRY T. WINGATE
                                      CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:03-cv-120 WS