UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

v.                                                                                                NO. 3:03cr120-HTW-JCS

JOHN H. WHITFIELD

### DEFENDANT JOHN H. WHITFIELD'S JOINDER IN DEFENDANT PAUL S. MINOR'S MOTION TO VACATE CONVICTIONS

Defendant John H. Whitfield, by and through his counsel, hereby joins in Defendant Paul S. Minor's Motion to Vacate Convictions to the extent it is not contrary to the interests of Mr. Whitfield and as though fully set forth herein. In further support, Mr. Whitfield asserts the following:

1. Count One of the Third Superseding Indictment, returned on December 6, 2005 and on which the Defendants proceeded to trial, charged Minor and Mr. Whitfield with conspiracy to commit various offenses including mail, wire and honest services fraud and federal program bribery (Count 1), honest services mail fraud (Counts 4 – 7), and federal program bribery (Count 11)

2. On March 30, 2007, Mr. Whitfield was found guilty by the jury on the above-listed counts. [D. # 572].

3. On September 18, 2007, this Court sentenced Mr. Whitfield to sixty months on Counts One, Four, Five, Six, and Seven and one hundred and ten months as to Count Eleven, with all sentences to run concurrently. The sentence also included a fine of $125,000.00, a special assessment of $600.00, and three years of supervised release. [D. # 617].

4. Since December 27, 2007, Mr. Whitfield has been in federal confinement, primarily incarcerated at the Federal Medical Facility in Louisville, Kentucky.

5. On December 11, 2009, the United States Court of Appeals for the Fifth Circuit reversed Mr. Whitfield's convictions for federal program bribery (Count 11), vacated his sentence on

all counts, and remanded this cause for resentencing on the remaining counts of the conviction. *United States v. Whitfield*, 590 F.3d 325 (5th Cir. 2009).

      6.     After the opinion of the Fifth Circuit in this matter, the United States Supreme Court issued its decision in *Skilling v. United States*, narrowing the scope and reach of the honest services fraud statute to apply only to bribery and kickbacks. 130 S. Ct. 2896, 2928 (2010). The newly restricted definition in *Skilling* of what constitutes honest service fraud illuminates legal error in the Third Superceding Indictment and jury instructions given at the 2007 trial. Specifically, the indictment alleged, and the jury was instructed, that it could vote to convict Mr. Whitfield for honest services fraud based on theories of nondisclosure and self dealing, conduct specifically excluded from the honest services fraud definition in *Skilling*. Therefore, Mr. Whitfield's remaining convictions are legally invalid.

      7.     For the same reasons espoused in Defendant Minor's Motion to Vacate Convictions, Mr. Whitfield would respectfully request that this Court vacate his convictions as to Count 1, 4, 5, 6 and 7.

WHEREFORE, John H. Whitfield respectfully requests this Honorable Court to vacate his convictions as to Counts 1, 4, 5, 6 and 7.

Respectfully Submitted, this the 28th day of December, 2010.

                                                            /s/ Drew M. Martin
                                                         Drew M. Martin, MS Bar 101045

*Martin Law Firm, PLLC*
1635 Lelia Drive, Suite 102
Jackson, MS 39216
Telephone: 601/366-8410
Facsimile: 866/945-9168
dmartin@martinlawfirmpllc.com

3

**CERTIFICATE OF SERVICE**

I hereby certify that I, Drew M. Martin, electronically filed the foregoing pleading using the Court's ECF system, which sent an electronic notification to all attorneys or parties registered therewith.

Respectfully submitted on this the 28th day of December, 2010.


                                              /s/     Drew M. Martin
                                              Drew M. Martin
                                              Miss. Bar 101045