UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**PAUL S. MINOR** | **Criminal Docket No. 3:03cr120-HTW-JCS** |

**DEFENDANT PAUL S. MINOR'S SUBMISSION OF SUPPLEMENTAL AUTHORITY REGARDING MOTION TO VACATE**

Defendant Paul S. Minor hereby submits recent supplemental case law that fully supports his motion to vacate convictions.

Last week, the Third Circuit decided *United States v. Coniglio*, No. 09-3071 (3d Cir. Mar. 8, 2011) (unpublished; see attached), an honest-services fraud prosecution of an elected official in which the government alleged two unlawful "objects":  (1) bribery, and (2) concealment of a conflict of interest.  The Third Circuit reversed *every* honest-services fraud conviction in that case because, given the "plain error" in instructing the jury under the law as it was understood before *Skilling v. United States*, 130 S. Ct. 2896 (2010), it is "possible" that the invalid concealment object "could have contributed" to the verdict.  Slip op. at 6-7.

In *Coniglio*, the government advanced—and the court of appeals rejected—three reasons why supposedly "overwhelming" evidence of bribery required the court to affirm.  *First*, according to the government, the court should find no prejudice because the jury had also convicted Coniglio of extortion under color of official right, 18 U.S.C. § 1951(a), and the instructions there required a finding of "*quid pro quo* bribery."  Government Brief, *United States v. Coniglio*, No. 09-3071 (3d Cir.), filed Nov. 19, 2010 (available on PACER) at 23-27 ("the jury

here found beyond a reasonable doubt that Coniglio accepted bribes by convicting him of [extortion under color of official right]"). *Second*, the government's bribery theory against Coniglio overshadowed its concealment theory to such a great degree that "[n]ot once did the Government suggest that there could be concealment without bribery." *See id.* at 29 (initial summation "focused exclusively on the Bribery Theory") & 30 (rebuttal summation "similarly stressed" the bribery theory); *id.* (government "did not urge the jury to find only concealment," instead using "Coniglio's efforts to conceal" solely to "prove[] that he had the intent for bribery"). *Third*, a finding of concealment *necessarily* entailed a finding of bribery because "the Government consistently argued that what Coniglio was concealing was his acceptance of bribes." *Id.* at 35 & 36 ("Because the Government argued only that Coniglio was guilty of bribery and of concealing bribery, no rational jury could have found concealment without also finding bribery.").

The Third Circuit rejected each of these three bases for finding the error harmless and reversed. The court explained that "[a]t trial, the Government inextricably intertwined evidence of bribery and concealment." Slip op. at 6. The jury was instructed that "it might convict" on either theory, and although concealment *can* be evidence of bribery, the evidentiary rulings during the trial "may have been affected by the existence of" the concealed-conflict-of-interest object. *Id.* Also, the court explained, "there is no escaping the fact that" the government offered concealment as one basis to convict, all the while "understandably emphasizing the bribery object to a greater degree." *Id*. The Third Circuit emphasized that it was *not* enough for the government to establish, in a case with "a large amount of sharply contested, circumstantial evidence," that its "evidence of bribery was 'overwhelming.'" Slip op. at 7 n.4 (ruling that "overwhelming" evidence "does not alone carry the day").

*Coniglio* provides strong persuasive authority for reversing *all* of Mr. Minor's convictions. The government in Mr. Minor's case also inextricably intertwined its concealment evidence with allegations of bribery, both in presenting its sharply contested, circumstantial proofs, and in its summation. *E.g.* D.E. 659 (Tr. 4797) (starting its summation, *before* making any mention of allegations sounding in bribery, with the pronouncement that "[a]s Ms. Morgan told you during opening statements, this case is about subtle deception and concealment"). Here, as in *Coniglio*, the government tries to evade reversal by insisting that the concealment object was really just another way of proving the bribery object. *See* Motions Hearing Tr. Mar. 11, 2011 at 34 (government argues that "although the charges were bribery, the state court cases handled by Messrs. Teel and Whitfield "also involved concealment, but concealment was not the purpose of this scheme"; rather, "[c]oncealment was just a manner and means for the scheme"); *but see* Government Fifth Circuit Brief (Dec. 23, 2008) at 111-12 (arguing that a category of concealment evidence was relevant for *two* reasons: (1) efforts by a defendant "to conceal the Peoples Bank loans was a central element in the scheme to defraud alleged in the Indictment," as well as an overt act in the conspiracy; *and* (2) concealment was proof of guilty knowledge of the bribery object).

Here, the government placed even greater emphasis than it did in *Coniglio* on concealment as a reason to convict.[1] And, as the jury was instructed, the government accused

---

[1] "Only once in more than 100 pages of summation" in *Coniglio* "did the Government argue that the jury could convict based on concealment even if it failed to find bribery." Government Brief in *Coniglio*, at 30. Here, the government highlighted its concealment theory *throughout* summation—again, and again, and again—as the touchstone of its case for convicting Mr. Minor of honest-services fraud. *See, e.g.*, Tr. 4798 (immediately after proclaiming that defendants engaged in a "corrupt scheme," arguing that the defendants "concealed their financial dealings through the use of bank loans, cash payments, through use of

[Footnote continued on next page]

Mr. Minor of depriving the citizens of Mississippi of their right to honest services of its judges "free from deceit, bias, self-dealing and concealment," with nary a mention of bribery in the key paragraph of each honest-services fraud count where the crime itself was alleged. D.E. 454 at 22, ¶ 2 (Indictment).

As for the scheme's "purpose," on which the government now places so much emphasis, the indictment again alleged concealment as one of two unlawful objects: "The *purpose* of the scheme was for defendant MINOR to *conceal* the source of the payment of funds by defendant MINOR through Intermediary #1 on behalf of JOHN H. WHITFIELD *and* to conceal the scheme for JOHN H. WHITFIELD to abuse his position as judge and misuse his authority to provide defendant MINOR with an unfair advantage in matters before JOHN H. WHITFIELD." *Id.* at 25, ¶ 3 (emphases added). Significantly, as we advised the Court in our Reply to Motion to Vacate (D.E. 819) at 7, the jury was told that "[i]t is not necessary that the government prove all the details alleged in the indictment concerning the precise nature and purpose of the scheme"; the scheme need only be "substantially the same." *See* Tr. 4772, 4777-78.

---

[Footnote continued from previous page]

straw men"; "[t]hey concealed this relationship"; "how they did it tells you why they did it"); Tr. 4799 (stating that the government believes the evidence shows "this was a scheme full of deceit, bias, self dealing and concealment"—tracking the indictment language—and that *this* evidence "shows that all three defendants are guilty"); Tr. 4801-03 (arguing that non-disclosure of bank loans and possible ethical violations involving concealment from opposing counsel were "part of the scheme"); Tr. 4812 ("at the heart of this [*Peoples Bank*] case, don't tell anyone, especially the lawyers on the other side"); Tr. 4813 ("if you look at everything, the lies, the concealment, the false notes, the deceit, what you have here is a conspiracy of silence"; "It tells you that they did it this way because it was a corrupt bargain."); Tr. 4826 (emphasizing that "the intent to defraud element means an intent to deceive *or* cheat someone" (emphasis added)); Tr. 4829 ("it was not just a conspiracy," "[i]t was a conspiracy of silence, full of subtle deception, subtle and clever deception, outright lies, self-dealing, bias, concealment," "a corruption of the judicial system," and "that's what this case is about"); Tr. 4955 ("How do we know there was a deal? We know because of what they did afterwards. All of the acts of concealment Mr. Fulcher described yesterday were implicit in the deal."). And these are only a few of the many examples.

After *Skilling* was decided, the government assured the Supreme Court that it would serve "judicial economy" for that Court to put off any review in this case until the conclusion of these proceedings on "remand[]," because at that time defendants will be allowed "to reassert ***all*** of their claims, *including* any claims that might arise upon resentencing." U.S. Br. Opp'n at 11, *Minor*, No. 09-1422 (emphases added).  It is fundamentally unfair for the government *now* to tell *this* Court that Mr. Minor's central claim on remand—that *Skilling* requires his convictions to be vacated—cannot be addressed *at all* (much less developed and decided) in the proceedings on remand, including, of course, in a later petition for review by the Supreme Court.  This Court should reach the merits and hold, as the Third Circuit recently did (*Coniglio*, slip op. at 6), that even where the government denies it is "probable" that the instructional error "contributed to the verdict," reversal is nonetheless warranted because such prejudice is at least "possible."

Dated:  March 14, 2011

Respectfully submitted,

Theodore B. Olson,
   *admitted pro hac vice*
David Debold,
   *admitted pro hac vice*
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., NW
Washington, DC  20036
Office:  202-955-8500
Fax:  202-467-0539
email:  TOlson@gibsondunn.com
email:  DDebold@gibsondunn.com

 /s  Chuck McRae
Chuck McRae, MSB #2804
416 East Amite Street
Jackson, MS  39201
Office:  601-944-1008
Fax:  866-236-7731
email:  chuck@msjustice.net

***Attorneys for Defendant Paul S. Minor***

5

## CERTIFICATE OF SERVICE

I, Chuck McRae, do hereby certify that on March 14, 2011, I served the above and foregoing pleading via the Court's ECF filing system, which sent notification of this filing to all counsel of record.

 s/ Chuck McRae
Chuck McRae, MSB #2804
416 East Amite Street
Jackson, MS  39201
Office:  601-944-1008
Fax:  866-236-7731
email:  chuck@msjustice.net