UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

V.                                                              CRIMINAL NO. 3:03-CR-0120 HTW JCS

PAUL S. MINOR, ET AL.

### GOVERNMENT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE CONVICTION

Once again, Minor invites this Court to ignore the clear language of the Fifth Circuit's opinion in <u>United States v. Whitfield</u>, 590 F.3d 325 (5th Cir. 2009):

> Under the undisputed facts here, the jury's finding that there was a corrupt agreement necessarily entailed a finding of an *exchange* of things of value for favorable rulings in the judge's courts.  **Therefore, to the extent that a quid pro quo instruction may have been required in this case, the district court adequately delivered one.**

<u>Id</u> at 353 (emphasis added).  The Court should decline the invitation.

Neither <u>United States v. Garcia</u>, 992 F.2d 409, 414 (2d Cir. 1993), nor <u>United States v. Palzer</u>, 731 F.2d 1484  (11th Cir. 1984) , "undermine[s]" the government's argument that Minor's Motion to Vacate should not be considered by this Court as part of a  limited sentencing remand.  <u>Garcia</u> establishes that, when jury instructions are challenged on direct appeal, the appellate court may consider intervening Supreme Court decisions.  <u>Palzer</u> demonstrates that the government sometimes confesses error on direct appeal.  Neither principle is of any relevance here.

The United States brings to this Court's attention the recent decision in <u>United States v. Skilling</u>, __ F.3d __, 2011 WL 1290805 (5th Cir. Apr. 6, 2011), which affirmed the defendant's convictions after remand from the Supreme Court.  As this Court is no doubt aware, the Supreme

Court's decision in *Skilling v. United States*, 130 S. Ct. 2896 (2010), limited prosecutions under the honest-services fraud statute (18 U.S.C. § 1346) to schemes involving bribery and kickbacks. That decision has no direct impact on the convictions obtained here because, as the Fifth Circuit clearly concluded on appeal, defendants were tried and convicted on a bribery theory of honest services fraud. *Whitfield*, 590 F.3d at 352-53.

The Fifth Circuit's recent decision affirming Skilling's convictions likewise has no direct bearing on this case. The appellate court applied harmless error analysis to jury instructions that permitted the jury to convict on two separate theories, one of which was not valid after the Supreme Court's *Skilling* decision. That decision is not pertinent here for two reasons.

First, harmless error analysis, which applies only to preserved claims of error, does not apply to any of Minor's present claims. Indeed, the only actual error in the jury instructions that Minor has identified, *i.e.*, the reference to Mississippi law, was invited by the defense. Accordingly, waiver doctrine, rather than harmless error analysis, properly applies here.[1] Second, this jury was instructed on only one theory of honest services fraud, *i.e.*, the bribery theory. There is, therefore, no occasion here to determine whether any improper instructions regarding a non-bribery or kickbacks theory of honest services fraud were harmless.

But if (as Minor incorrectly alleges) this jury had been instructed on more than one theory of honest services fraud, the Fifth Circuit's *Skilling* decision would be critically important to resolving his claim. Minor attempts to portray *Skilling* as merely a "case-specific application of harmless error review." Defendant Paul S. Minor's Submission of Supplemental Developments

---

[1] As we have elsewhere explained, the jury instructions' references to Mississippi law were, in fact, entirely harmless. *Whitfield*, 590 F.3d at 348 (instructions given here were consistent with the Fifth Circuit's pattern instructions on federal bribery).

and Authority Regarding Motion to Vacate (D842)  at 6 n.3.  In fact, the Fifth Circuit's opinion devoted considerable attention to discussing the relevant legal principles, concluding, *inter alia*, that an "alternative-theory error" is harmless if there is "overwhelming evidence" of the defendant's guilt on the valid theory.  *Skilling*, 2011 WL 1290805 at *3; *see id.* at *1-*2.  This holding is directly contrary to arguments that Minor has advanced in this Court.  *See* Defendant Paul S. Minor's Submission of Supplemental Authority Regarding Motion to Vacate (D837) at 2 (relying on the unpublished and out-of-circuit *Coniglio* decision for the claim that "overwhelming" proof of bribery is not sufficient to show harmless error).  *Skilling* also makes clear that (1) "the fact that the jury may have relied upon an invalid theory of guilt shows only that an alternative-theory error occurred, not that the error was not harmless;" and  (2) a closing argument that permits a jury to conviction on the wrong theory does not show "that the error was not harmless."  *Skilling*, 2011 WL 1290805 at *3.  Both of these holding would be relevant here if, as Minor incorrectly maintains, an alternative theory of conviction had actually been presented to the jury in the instructions and arguments in this case.

                                          Respectfully submitted,
                                          Jack Smith
                                          Chief, Public Integrity Section
                                          Criminal Division
                                          U.S. Dept. Of Justice

                                 By:    */s/ Dave Fulcher*

| | |
|---|---|
| Ruth R. Morgan | David H. Fulcher |
| Assistant U.S. Attorney | Assistant U.S. Attorney |
| 1575 20th Avenue | 188 E. Capitol Street, Suite 500 |
| Gulfport, MS 39501 | Jackson, MS 39201 |
| 228-563-1560 | 601-965-4480 |
| MSB# 1996 | MSB # 10179 |

3

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 13th day of April, 2011.

>                          */s/ Dave Fulcher*
>                          David H. Fulcher
>                          Assistant U.S. Attorney