UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

v.                                                                                              NO. 3:03cr120-HTW-JCS

JOHN H. WHITFIELD

### EMERGENCY MOTION BY DEFENDANT JOHN H. WHITFIELD TO RECEIVE URGENT MEDICAL CARE

Defendant John H. Whitfield, by and through his counsel, files this Motion for Emergency Relief, asking that this Court enter an immediate Order requiring Central Mississippi Medical Center, Southern Health Partners, and any other related or affected entity to immediately provide Mr. Whitfield with his overdue medical treatments for Crohn's disease.

Mr. Whitfield is experiencing painful and distressing symptoms of his Crohn's disease, symptoms which are controlled by regular Remicade treatments.[1] As explained in more detail *infra*, medical facilities which are designated to provide treatment to Mr. Whitfield, and which have provided that treatment up until now, are now refusing to do so, citing various payment, administrative, and bureaucratic excuses for their failure to treat. It is possible that some or all of the medical facilities' explanations for why they are refusing to treat Mr. Whitfield are accurate. Even if that turns out to be so, none of the explanations justify a refusal to treat Mr. Whitfield.

---

[1] **Expectations (prognosis)**

There is no cure for Crohn's disease. The condition is marked by periods of improvement followed by flare-ups of symptoms.

It is very important to stay on medications long-term to try to keep the disease symptoms from returning. If you stop or change your medications for any reason, let your doctor know right away.

You have a higher risk for small bowel and colon cancer if you have Crohn's disease.

http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001295/

1

Mr. Whitfield's necessary treatments are overdue. He has now on multiple occasions been transported to CMMC for treatment and then turned away. He is fasting out of medical need. Crohn's disease symptoms are manifesting, and Mr. Whitfield is being placed at physical risk.

Mr. Whitfield urgently requests that this Court enter an Order requiring any affected entity, at least including CMMC and Southern Health Partners, to provide Mr. Whitfield his ordered medical treatments under threat of criminal contempt for failure to comply.

In further support of the requested relief, Mr. Whitfield states as follows:

1. On December 11, 2009, the United States Court of Appeals for the Fifth Circuit reversed Mr. Whitfield's convictions for federal program bribery, vacated his sentence on all counts, and remanded this cause for resentencing on the remaining counts of the conviction. *United States v. Whitfield*, 590 F.3d 325 (5th Cir. 2009).

2. Subsequently, this Court scheduled Mr. Whitfield's re-sentencing hearing for November 17, 2010. In anticipation of the re-sentencing hearing, Mr. Whitfield was transferred from the Federal Medical Center in Louisville, Kentucky, ("FMC Louisville") where he had resided since he began serving his sentence on December 27, 2007, to the Madison County (Mississippi) Detention Center ("MCDC"). Mr. Whitfield remains in MCDC to date.

3. Mr. Whitfield's incarceration at FMC Louisville was required in order for him to receive treatment for Crohn's disease, "a form of inflammatory bowel disease (IBD) … [which] usually affects the intestines, but may occur anywhere from the mouth to the end of the rectum." http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001295/.[2]

---

[2] Normally, the immune system helps protect the body, but with Crohn's disease the immune system can't tell the difference between normal body tissue and foreign substances. The result is an overactive immune response that leads to chronic inflammation. This is called an autoimmune disorder.

4.	The Bureau of Prisons categorizes Mr. Whitfield as needing "care level 3 by BOP definition specifically including 'Inflamatory bowel disease on medications'." *See* notes of M. Holbrook, M.D., Medical Officer, on Inmate Request to Staff dated 2/16/2010, previously submitted with Sentencing Memorandum.[3]

5.	To manage his Crohn's disease and maintain his health, Mr. Whitfield requires specific medical treatments, including a regular regiment of Remicade.[4]

6.	Remicade treatments are critical to Mr. Whitfield's health.  Dr. Alfred E. McNair, Jr., Mr. Whitfield's primary care physician, has written that "we were able to save [Mr. Whitfield's] colon with a new miracle medication called Remicade." *See* January 14, 2010, letter from Dr. McNair to this Court, previously submitted with Sentencing Memorandum.

7.	Mr. Whitfield's treatment with Remicade began before he was convicted and before he began serving his sentence.  The treatments continued at FMC Louisville.  After Mr. Whitfield's transfer to MCDC, his treatments continued via scheduled medical visits to Central Mississippi Medical Center ("CMMC").

8.	Since Mr. Whitfield was transferred to MCDC in November of 2010, he was twice transported by the Madison County sheriff personnel to CMMC to receive his scheduled treatments.

---

People with Crohn's disease have ongoing (chronic) inflammation of the gastrointestinal tract. Crohn's disease may occur in any area of the digestive tract. There can be healthy patches of tissue between diseased areas. The inflammation causes the intestinal wall to become thick. http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001295/.

[3] In order to file this Motion in as timely a manner as possible, referenced documents which have previously been provided to the Court are incorporated by reference but not attached to this Motion.  Should the Court require that the referenced documents be separately filed in support of this Motion, the undersigned is willing to supplement the Motion accordingly.

[4] **Biologic therapy is used to treat patients with severe Crohn's disease that does not respond to any other types of medication.** *Medicines in this group include* Infliximab (**Remicade**) and adalimumab (Humira), certolizumab (Cimzia), and natalizumab (Tysabri). http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001295/ (emphasis added).

9. On or about May 3, 2011, Mr. Whitfield was transported to CMMC for a scheduled treatment, but CMMC refused to treat him. As a result, Mr. Whitfield returned to MCDC without receiving treatment.

10. On May 5, 2011, Mr. Whitfield was again transported to CMMC for his scheduled treatment. Initially, treatment began. Medical personnel even hooked Mr. Whitfield to an IV in anticipation of beginning the Remicade treatments.

11. However, Scott Wittmore, the Chief Financial Officer of CMMC personally stopped the treatment, claiming that the hospital had not been paid for previous treatments provided to Mr. Whitfield, and further asserting that no additional treatment would be provided to Mr. Whitfield until the treatments had been paid for. As a result, Mr. Whitfield again returned to MCDC without receiving treatment.

12. On behalf of Mr. Whitfield, the undersigned, Dr. McNair, and other friends and representatives of Mr. Whitfield have been communicating with the U.S. Marshal's Office, MCDC, CMMC, Southern Health Partners (the healthcare group contracted to provide medical services to MCDC), and the Bureau of Prisons in efforts to have Mr. Whitfield receive his desperately needed treatment.

13. On May 12, 2011, after action taken by the U.S. Marshal's office to re-schedule Mr. Whitfield's treatments, CMMC again refused to treat Mr. Whitfield. Although the specific reason is unclear as of the filing of this Motion, the undersigned believes the reason to be administrative in nature, related in some way to the name of the physician signing the order approving treatment.

14. Most concerning, representatives of CMMC and/or Southern Health Partners have reportedly questioned Mr. Whitfield's medical needs and sought explanations for why his Remicade treatments are necessary. Upon information and belief, CMMC and Southern Health Partners are contractually bound to provide Mr. Whitfield with the medical treatments which have been

4

previously developed for his condition by trained medical professionals familiar with his condition, medical history, and past treatments. If in fact CMMC and/or Southern Health Partners are questioning Mr. Whitfield's medical diagnosis or treatment, or withholding needed for any similar reason, such behavior is outrageous and should be rebuked.

15. Upon information and belief, the U.S. Marshal's office has provided CMMC and Southern Health Partners reassurances that Mr. Whitfield's medical treatments will be paid.

16. At the time this Motion is being filed, Mr. Whitfield has been fasting, at least since May 9, 2011, to avoid additional symptoms and complications caused by his Crohn's disease—symptoms and complications that have begun to manifest themselves, and which are specifically controlled by the overdue Remicade treatments.

17. At the time this Motion is being filed, the U.S. Marshal's office has again caused a treatment for Mr. Whitfield to be scheduled for Monday, May 16, 2011. However, neither CMMC nor Southern Health Partners has provided assurances that Mr. Whitfield will in fact receive his treatment. In other words, there is no way of knowing at this time whether Mr. Whitfield will again be turned away without treatment.

18. Mr. Whitfield is in urgent need of this Court's assistance to protect his health and well-being. This Court has the authority to order CMMC, Southern Health Partners, and any other related or affected person or entity to provide Mr. Whitfield with his required medical treatments. Such an Order could require compliance upon threat of criminal contempt.

WHEREFORE, John H. Whitfield respectfully requests this Honorable Court grant his request of emergency consideration and relief and order as follows:

    a. That CMMC and Southern Health Partners immediately schedule Mr. Whitfield's overdue treatments, including his Remicade treatments, to be performed today, May 13, 2011, or as soon thereafter as is possible;

  b.  That MCDC make all necessary arrangements to transport Mr. Whitfield to and from the treatment; and

  c.  Defendant Whitfield further prays for all other relief that this Honorable Court may consider appropriate under the circumstances.

Respectfully submitted on this the 13th day of May, 2011.

/s/ Drew M. Martin<br>
Drew M. Martin<br>
Miss. Bar 101045

Martin Law Firm, PLLC
1635 Lelia Drive, Suite 102
Jackson, MS 39216
Telephone: 601/366-8410
Facsimile: 866/945-9168
dmartin@martinlawfirmpllc.com

## CERTIFICATE OF SERVICE

I hereby certify that I, Drew M. Martin, electronically filed the foregoing pleading using the Court's ECF system, which sent an electronic notification to all attorneys or parties registered therewith.

Respectfully submitted on this the 13th day of May, 2011.

/s/ Drew M. Martin<br>
Drew M. Martin<br>
Miss. Bar 101045